OCTAVIANO BARRARA *v.* THE STATE.

1. ACCOMPLICE.  One jointly indicted with a defendant on trial, and who testifies upon a condition that all prosecutions concerning the affair of which he is called to testify be dismissed, is considered an accomplice, and the defendant in such case is entitled to have the instruction given to the jury that they shall not convict upon the unsupported testimony of such accomplice ; and it is so held although the defendant in his testimony denies the fact of his guilt.

BARRARA v. THE STATE.

Opinion of the Court.

2. SAME. The fact that a witness testifies in order to escape prosecution, and the moral delinquency involved in actual guilt, affect the credibility of the witness so as to render corroboration necessary.

3. VENUE—REASONABLE DOUBT. The law as to *reasonable* doubt may not extend to the proof of the venue, but the question is not adjudicated.

APPEAL from Nueces. Tried below before the Hon. T. C. Barden.

The facts sufficiently appear in the opinion.

*J. S. Givens* and *J. W. Moses*, for appellants.

*Geo. Clark*, for State.

GOULD, J. At the October term, 1874, of the District Court of Nueces county, appellant was tried on an indictment for the murder of John F. Morton; was proved guilty of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

The only witness whose testimony implicated appellant in the crime was Amado Lerma, and the principal question in the case is: Was this witness an accomplice in any sense entitling defendant to have the jury instructed that the uncorroborated testimony of an accomplice is not sufficient of itself to support a conviction? The statement of facts contains the following:

" The State then put on the stand Amado Lerma. Defend-
" ant's counsel objected to witness testifying until witness's
" status had been inquired into. It then appeared to the court
" that this witness had been indicted as one of the murderers
" of John F. Morton, and had also been indicted for the [mur-
" der of the] other three men killed at Penescal, and had been
" indicted in three or four indictments for conspiracy to murder
" the parties deceased, at the last term of the court. The Dis-
" trict Attorney had entered a *nolle prosequi* as to the said
" Lerma in the indictment for the murder of John F. Morton.
" All of the other indictments for murder were still pending.

"Those for conspiracy were dismissed. Amado Lerma, before "testifying, said, if all the prosecutions against him on account of "Penescal affair were dismissed, he would ' serve as a witness,' "when the District Attorney announced to him, Lerma, that "all the prosecutions against him for anything connected with "the murders at Penescal should be dismissed ; whereupon the "said Lerma, being sworn, testified."

The substance of his testimony was that the defendant was one of the men who killed Morton (and three others) at the Penescal peninsula. That witness was taken prisoner by a portion of the crowd who were engaged in the murder, at a point some twenty miles distant from the place where the crime was committed, and whilst it is not directly stated that he was still a prisoner when he was present at the killing, we are left to infer that such was his claim. There is, at all events, nothing to show that the witness admitted that he was in any way implicated in the crime.

The defendant requested the court to give the jury the following instruction, which was refused.

"The jury are instructed that if they believe the witness, "Amado Lerma, was engaged in the commission of the mur- "der of Morton, either as principal or as an accomplice, or that "he was *particeps criminis* in the murder, then the uncor- "roborated testimony of said Lerma is not sufficient to convict, "and it is not sufficient that the corroboration shows only the "commission of the offense.

"The testimony of a principal in a crime who turned State's "evidence, and has been released that he may testify, is not "sufficient of itself to convict."

This instruction was based on the following section of the Code of Criminal Procedure :

"A conviction cannot be had upon the testimony of an ac- "complice, unless corroborated by other evidence tending to "connect the defendant with the offense committed; and the "corroboration is not sufficient, if it merely shows the commis- "sion of the offense." (Paschal's Digest, Article 3118.)

It is not argued here, though it is said in appellant's brief to have been held below, that as the term accomplice has a defined meaning in the Penal Code, not extending to one present at the commission of the crime, and chargeable as principal, that it is used in that sense in the section of the Code of Procedure just cited.    We think it clear that in the connection in which it is there used, it embraces a person concerned in the commission of the crime—any associate in the crime— whether principal or not.   (See Bouvier, Dict., Tit. Accomplice ; Webster's Dict.)

It may be added, that if this construction of the statute be incorrect, the rules of evidence at common law would control the question, and would lead to substantially the same answer. (1 Greeenleaf.)

Courts have sometimes refused to allow one on whom the heaviest moral guilt was supposed to rest, to purchase exemption by giving testimony against a less guilty associate ; but assuredly the principal, as well as the subordinate offender, is competent to testify, when admitted to do so, and when so admitted, his evidence needs corroboration no less at least than that of a subordinate.   (People *v.* Whipple, 9 Cowan, 707 ; People *v.* Solomon, 2 Barb., 223).    But it is argued here that there is no evidence whatever against Lerma, and that the instruction was therefore inapplicable.

It appears, however, that Lerma consented to testify only on condition that all indictments against him for the " Penescal " affair " should be dismissed.    The representative. of the State, acting of course with the approval of the presiding judge, agreed to the conditions required by the witness.    Such arrangements appear formerly to have been predicated in the assumption of the guilt of the witness, and on the expectation that in his testimony he would admit his own guilt.    If he failed to testify satisfactorily, he was still liable to prosecution. The text-books lay down no rules as to when the witness is to be regarded as an accomplice, because, when admitted to testify in that character, his guilt was a conceded fact.

It will hardly be contended that where the witness denies, either tacitly or expressly, the fact of his complicity, but there is other evidence establishing, or tending to establish it, that the defendant is not entitled to the benefit of an instruction, on the hypothesis that the jury may regard the witness as an accomplice. We have substantially ruled, in the case of Garrett v. The State, decided at the recent session at Tyler, that where there is evidence tending to criminate the witness, the question may be submitted to the jury.

But when the witness, as in this case, only consents to testify on condition of exemption from prosecution, and is promised that exemption by the representatives of the State, with the consent of the court, we think he is treated as an accomplice by those authorities, and himself consents to assume that character, and must be so regarded by the court in its charge. It is a different case from the simple dismissal of an indictment, without any such bargain or understanding. It is not the fact that the witness was once indicted which offsets his credibility, but the fact that he testifies in order to escape prosecution. This, as well as the moral delinquency involved in actual guilt, affects the credibility of the witness, and it has been held may always be inquired into. (Allen v. State, 10 Ohio Stat. 287.)

There is another point which it is proper to notice. Under the evidence the question was raised whether it sufficiently appeared that the homicide was committed in Nueces county, or within four hundred yards of the boundary line of that county. It is contended that the evidence must establish the venue beyond a reasonable doubt. That there must be evidence of the venue, is well settled, and, indeed, elementary; but we are not sure that the presumption of innocence, which entitles a party to acquittal in case of reasonable doubt as to his guilt, has been held to apply to the merely jurisdictional question of venue. When the fact appears in the course of a trial that the defendant is not liable to prosecution in the county where the indictment was presented, the Code of Procedure requires the jury to be discharged, and that the defend-

ant be kept in custody or held to bail, to await a warrant of arrest from the proper court. (Paschal's Digest, Articles 3055, 3056.) That the defendant should be acquitted because the evidence as to the county boundaries does not establish the jurisdiction beyond a reasonable doubt, does not seem within the contemplation of the law. Nor do the decisions of this court support the proposition. In Henderson v. State (12 Texas, 535), where a new trial was sought for the purpose of proving the newly-discovered fact that the offense was not committed within the county, the court say : " It is believed " that there has been no instance of the grant of a new trial " on such a ground as this." In another case, with the same title (14 Texas, 503), sundry cases are cited, where, in cases of forgery, slight evidence of the place where the offense was committed, was held sufficient. And see Wharton's Criminal Law, Section 601.

On another trial the question may not arise, and it is perhaps unnecessary to dispose of it. We have not had the benefit of its examination and discussion by counsel, and will only add, that we are not at present prepared to hold that the law as to reasonable doubt applies to the evidence that the offense was committed within the jurisdiction of the court where it is prosecuted.

. For the error in failing and refusing to instruct the jury on the subject of accomplices, the judgment is reversed and the cause remanded.