## R. Deggs, *alias* Brown, *v.* The State.

1. VENUE. — The doctrine of reasonable doubt does not apply to the venue of the offence, nor is positive testimony indispensable to the proof of that fact. It suffices if, from the facts in evidence, and which appear affirmatively in contradistinction to inference, the jury may reasonably conclude that the offence was committed in the county alleged. *Higbee* v. *The State*, 2 Texas Ct. App. 407, explained.

2. ANIMALS on their accustomed range are in the possession of their owner.

3. CHARGE OF THE COURT. — When *alibi* is relied on in defence, its nature and character should be explained to the jury.

4. PRACTICE. — One purpose of the requirement that the judge must approve the statement of facts is to enable him to supply any facts omitted by counsel.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

The indictment and conviction were for theft of two oxen, and two years' confinement in the penitentiary was the punishment awarded.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.    It is assigned for error that the court erred in directing the jury that "venue, or the place of committing an offence as alleged, may be shown by such facts and circumstances as show beyond a reasonable doubt the locality or county." If there be any error in this instruction, it was to the prejudice of the prosecution, and beneficial to the prisoner. The reasonable doubt does not apply to the merely jurisdictional fact of venue. *Barara* v. *The State*, 42 Texas, 260; *McReynolds* v. *The State*, 4 Texas Ct. App. 320. And it is not essential that venue be established by positive testimony, but only that from the facts in evidence, and which appear affirmatively and in contradistinction to mere inference, the jury may reasonably conclude that the offence was committed in the county alleged. In *Higbee* v. *The State*, 2 Texas Ct. App. 407, it was said that "positive affirmative proof of venue must be made, and not only made, but be shown by the record." The character of proof necessary to support the allegation of venue was not before the court in that case, but only the fact that in the record sent up to this court there was an entire absence of any proof as to the venue. And by the language employed it was not intended to hold that such proof must be positive, according to its legal signification, but only that the venue must not be left to mere inference, either in the lower court or in this court.

The other errors assigned are not deemed of sufficient importance to justify discussion. The evidence shows conclusively that the animals alleged to have been stolen were taken from their accustomed range; and at this day it can hardly be seriously questioned that animals upon the range are, in legal contemplation, in the possession of their owner, or that in this particular case a charge to that effect was inapplicable to the case.

An *alibi* having been set up as the sole defence, it was not only competent but proper for the court to explain to the jury its nature and character, which was done in a clear and perspicuous manner ; and a purpose of the law in requiring that the statement of facts should be approved by the judge, was to enable that officer to supply omissions which had been made by counsel, either through accident or design, and which were essential to a proper presentation of the case on appeal.

The judgment is affirmed.

*Affirmed.*