## G. ACHTERBERG *v.* THE STATE.

1. VENUE. — The doctrine of reasonable doubt does not apply to the venue of the offence. That fact is sufficiently established by evidence from which it may be reasonably inferred.

2. MALICIOUS MISCHIEF — CHARGE OF THE COURT. — It was not correct to instruct that it was an offence to wilfully kill, maim, etc., "any animal," instead of "any domesticated animal;" but the inaccuracy is not material error on appeal, when the defendant took no objection to it and tendered no instructions correcting it in the trial court, and it does not appear that he was prejudiced by it.

3. FORMER ACQUITTAL OR CONVICTION does not bar prosecution for a higher grade of offence, of which the court which adjudged it had no jurisdiction, unless the trial and judgment were had on indictment or information.

APPEAL from the County Court of Guadalupe. Tried below before the Hon. W. P. H. DOUGLASS, County Judge.

The information charged that the appellant, on September 3, 1879, in the county of Guadalupe, " did wilfully, and unlawfully, and wantonly maim, wound, and disfigure a dumb animal, to wit, a cow, of the species of neat cattle; contrary," etc. The opinion gives the gist of the proof on the venue of the offence.

*Henderson & Neal*, for the appellant.

*W. B. Dunham*, for the State.

CLARK, J. The venue of the offence charged, though not established beyond a reasonable doubt, perhaps, is sufficiently shown by the evidence to obviate all legal objection. The owner of the injured animal testified that he was at his cow-pen, which was in Guadalupe County, and saw his cows in the field of the defendant's father, and while in process of removing them the defendant committed the act for which he was on trial. It is true, the field is not shown expressly to have been in Guadalupe County, but that is a reasonable if not a necessary inference from the facts testified to, and fully authorized a finding to that effect. The reasonable doubt does not apply to the merely jurisdictional fact of venue. *Deggs* v. *The State*, 7 Texas Ct. App. 359 ; *Barara* v. *The State*, 42 Texas, 260.

The charge of the court, in its first paragraph, is liable to criticism, and if excepted to upon trial and a correct instruction tendered, would have constituted cause for reversal. It is not an offence to wilfully kill, maim, wound, poison, or cruelly and unmercifully hurt or abuse "any animal," as stated in the charge, but such acts are offences when committed upon "any domesticated animal." Penal Code, arts. 679, 680. In view of the charge in the information, and the evidence before the jury, the inaccuracy complained of could not have prejudicially affected the appellant, and the charge, not having been excepted to, cannot be urged here with effect. *Hobbs* v. *The State*, 7 Texas Ct. App. 117.

The court properly instructed the jury to disregard the plea of a former acquittal before the justice of the peace. The penalty for the offence for which appellant was upon trial placed the prosecution beyond the jurisdiction of that tribunal, and there seems to have been no pretence that the

former trial was upon an information. In that event, the law is imperative that no bar shall obtain. Code Cr. Proc., art. 553; *Allen* v. *The State,* 7 Texas Ct. App. 298.

The evidence fully supports the verdict, and shows a wanton shooting of another's cow, without just cause or excuse so far as appears from the record; and the judgment is affirmed.

*Affirmed.*