## ED CAMRON v. THE STATE.

### No. 175.   Decided May 20.

**1. Practice — Pleading — Agreement to Turn State's Evidence.—** When placed on trial for burglary, defendant pleaded an agreement with the county attorney for his immunity from prosecution in case he would turn State's evidence against his confederate at the examining trial. which he did, and that he was then recognized to appear as a witness in the case at the District Court, and that he is ready and willing to carry out said agreement. To this plea the State demurred, on the ground that such plea was not authorized by law; and the court having sustained said demurrer, defendant was put upon trial and convicted. *Held*, that the plea was a valid one, and that the court erred in sustaining the demurrer. The contrary dictum in Holmes' case, 20 Texas Criminal Appeals, 509, disapproved.

**2. Same—Special Pleas.—** A plea setting up an agreement to turn State's evidence is not a special plea in contravention of article 525, Code of Criminal Procedure, which prescribes the only special pleas of a defendant. That article refers to pleas that are to be submitted to and passed upon by a jury, while the plea in question is addressed solely to the consideration and action of the court as to whether the case shall be nolle prossed.

**3. Same—Pardoning Power.—** The common law practice, and the practice in some of the American States, of continuing such a case to enable defendant to procure pardon, to be pleaded in bar, can not obtain in Texas, since the pardoning power may only be invoked in this State after conviction.

**4. Agreement to Turn State's Evidence — Duty of the Court.—** Where an agreement to turn State's evidence is set up as a defense, and not denied by the State. and it appears that a valid contract was made by proper officers representing the State, and the contract has been carried out by defendant in good faith, *held*, the court should dismiss the case and incorporate the reason for the dismissal in its judgment. Following Bowden v. The State, 1 Texas Criminal Appeals, 144; and Hardin v. The State, 12 Texas Criminal Appeals, 189.

APPEAL from the District Court of Haskell. On change of venue from Throckmorton. Tried below before Hon. C. P. WOODRUFF.

Appellant was indicted in the District Court of Throckmorton County for the crime of burglary. The venue was changed to the District Court of Haskell, where, upon trial of the case, he was found guilty, and his punishment assessed at two years in the penitentiary. As a preliminary plea in bar of the prosecution, defendant set up an agreement to turn State's evidence and testify against his confederate at the examining court and in the District Court, made with the attorney representing the State in the examining court. That under said agreement he testified in the examining court, and was recognized as a witness to testify in the District Court; and that he was ready and willing to fulfil his part of said agreement. The district attorney demurred to this plea, and the demurrer having been sustained by the court, and said plea stricken out, defendant was forced to trial on the merits under the indictment, and

was convicted of burglary, as above stated.   A statement of the facts is unnecessary.

*Ed. J. Hamner* and *J. H. Glasgow*, for appellant.—Appellant's special plea was a valid and subsisting bar to this prosecution, and the court erred in sustaining the demurrer and striking it out.   Bowden v. The State, 1 Texas Cr. App., 137; Hardin v. The State, 12 Texas Cr. App., 186.

*R. L. Henry*, Assistant Attorney-General, for the State.—No such special plea as that interposed by defendant is known to or allowed by law. Code Crim. Proc., arts. 522, 525, 528, 529, 281; Holmes v. The State, 20 Texas Cr. App., 509; Neely v. The State, 27 Texas Cr. App., 327.

SIMKINS, JUDGE.—Appellant was convicted of the crime of burglary, and his punishment assessed at two years confinement in the State penitentiary, from which he appeals.

The cause was carried, by change of venue, from Throckmorton to Haskell County.   When placed on trial, appellant pleaded an agreement made by him with the county attorney of Baylor County, and others representing the State, by which he was induced to turn State's evidence against his confederate, J. J. Jones, in Baylor County, at the examining court, at which said Jones was bound over to await the action of the grand jury; that the State was unable, without his evidence, to convict Jones; that he was duly recognized to appear and testify before the District Court; and that in all matters he has been ready to carry out his agreement.   The State demurred, on the ground that such a plea was not authorized by law, and that the agreement was not with parties authorized to act.   The court sustained the demurrer, and appellant was convicted, the wife of J. J. Jones being the principal witness against him.

There is but one question that need be considered: Did the court err in striking out the plea?   From the earliest times it has been found necessary, for the detection and punishment of crime, for the State to resort to the criminals themselves for testimony with which to convict their confederates in crime.   While such a course offers a premium to treachery, and sometimes permits the more guilty to escape, it tends to prevent and break up combinations, by making criminals suspicious of each other, and it leads to the punishment of guilty persons who would otherwise escape.   1 Hale, P. C., 305; Rex v. Rudd, Cowp., 334; People v. Whipple, 9 Cow., 707.   Therefore, on the ground of public policy, it has been uniformly held, that a State may contract with a criminal for his exemption from prosecution, if he shall honestly and fairly make a full disclosure of the crime, whether the party testified against is convicted or not.   If his testimony is corrupt, or his disclosure is only partial, he gains nothing,

but forfeits his right under the contract.    1 Bish. Crim. Proc., sec. 1164. The only difficulty in the matter seems to be as to the method in which the State may extend the promised and earned immunity.   The common practice in American courts is to commit the question of receiving or rejecting an accomplice, and the further question of his immunity from punishment, solely to the discretion of the prosecuting officer, who acts by nol. pros.  In those States where a nol. pros. can be only entered with the consent of the court, as in Texas, the court must, of course, exercise supervision over the question.    1 Bish. Crim. Proc., sec. 1161.

But there is no question of the right of the prosecuting officer to act under and with the consent of the court in dismissing the cause.  In some courts it has been held, that when the agreement has been made, and defendant has testified thereunder, and the attorney for the State refuses to recognize the agreement, the court will continue the cause, to let the defendant obtain a pardon to plead in bar.    1 Bish. Crim. Proc., sec. 1164. This, however, can not be done in Texas, as the pardoning power can only be invoked after conviction.  Const., art. 4, sec. 11.  In some courts it is held, that where the accomplice is convicted after being made a witness by the State, and after having made a full confession, he has a claim for a judicial recommendation for pardon, which can not be withheld without violating an established rule of practice.    The State v. Graham, 41 N. J. Law, 101; The State v. Lyon, 81 N. C., 600; United States v. Ford, 99 U. S., 594; Garside's case, 2 Lew. Crim. Cases, 38.   But it would seem that the power of dealing with such agreements lies primarily with the prosecuting officer, and in Texas he may act with the consent of the court; and we can see no good reason why, when a defendant has in good faith carried out his agreement, the labor and expense to the State of a solemn trial should be incurred for the purpose of remitting the defendant to his remedy of pardon, to which, it is admitted, he is entitled as a matter of right.    Hardin's case, 12 Texas Cr. App., 189.   If the State can make a contract with the defendant for immunity from prosecution for his offense, it is due to her own dignity that the contract be carried out in perfect faith.   If the reason for convicting the defendant be to place on record the proof of his guilt, then it does not apply in Texas. Under articles 38 and 593, Code of Criminal Procedure, the prosecuting officer may, with the consent of the court, and for reasons filed and incorporated in the judgments of the court, nolle prosequi and dismiss the prosecution. It therefore remains a perpetual record of his self-confessed guilt.    Barrará's case, 42 Texas, 264.

In Bowden's case, 1 Texas Criminal Appeals, 144, the well considered opinion, which was affirmed in Hardin's case, 12 Texas Criminal Appeals, 189, says it seems to have become a practice, recognized in our court, for the district attorney, with the concurrence of the court, to enter a

nolle prosequi in cases where it was deemed essential to the ends of justice that one or more defendants should turn State's evidence against his confederates; citing, Garrett v. The State, 41 Texas, 530; Barrara v. The State, 42 Texas, 260; Williams v. The State, 42 Texas, 392; Wright v. The State, 43 Texas, 170; and the court reversed the case because the defendant was tried and convicted on a subsequent indictment, while under contract with the State, as State's evidence. The court says: "There has been no default on his part, and, until there is, the pledged faith of the State should have been kept inviolate in his immunity from further prosecution and punishment." The only objection urged to a defense of this kind is in the Holmes case, 20 Texas Criminal Appeals, 517, and rests upon the ground, that the code forbids any special pleas except former conviction or acquittal (Code Criminal Procedure, article 525), and that this is in the nature of a plea of estoppel. We do not think such a defense as we are here considering comes under the character of special pleas which are to be submitted and passed upon by a jury, as former acquittal or conviction, or the constitutional plea of former jeopardy (Johnson v. The State, 22 Texas Criminal Appeals, 222), but rather belongs to those matters addressed solely to the consideration of the court, and for which a nolle prosequi should be entered or the case dismissed; and where such a defense is set up, and not denied by the State, and it appears that a valid contract was made by the proper officers representing the State, and the contract has been carried out by the defendant in good faith, the court should dismiss the cause, setting up in the judgment the reasons therefor. In the case at bar the plea of appellant set forth, that the agreement to turn State's evidence was duly made with an attorney representing the State, and before the examining court he testified fully as to the entire matter; that subsequently the county attorney of Baylor County ratified the agreement; that appellant has been in constant attendance on court, ready to testify in the case in compliance with his agreement.

It further appears, that the wife of one of the convicted defendants testified against appellant on this trial. While it is true that any such contract should be made with the district or county attorney with the consent of the court (Barrara v. The State, 42 Texas, 263; Fleming's case, 28 Texas Criminal Appeals, 236), yet we think, where the court sees the contract was made and the defendant acted in perfect good faith, it should be recognized by the court. Mr. Bishop says: "In most cases, the mere fact that an accomplice testifies as a witness for the Government, and fully and freely acknowledges his own participation in the offense, will constitute an implied agreement, in the absence of an express one, for his exemption from further prosecution; but where the testifying is not with the concurrence of the State's attorney, and where there is no such understanding with any authorized person, or evi-

dence of expectation, it was held inadequate." 1 Bish. Crim. Proc., 1164. We think the court erred in striking out the plea on the grounds stated, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.