## L. J. STANFORD v. THE STATE.

### No. 2258. Decidede December 12, 1900.

**1. Statement of Facts—Filing After Adjournment—Diligence.**

Where the court entered an order allowing statement of facts to be filed within ten days after adjournment, and adjourned the 2d of June, but the statement was not filed until the 3d of July, Held, that the affidavit of the district attorney to the effect that he believed, but is not certain, that defendant's counsel handed him his statement before the ten days expired; that the district court was then in session in another county and he was busily engaged with the grand jury, and, having examined defendant's statement at intervals, and being unable to agree to it, he made out and prepared his statement and presented it to the judge, shows no excuse for the delay in the filing and the statement will not be considered. Following George v. State, 25 Texas Crim. App., 220.

**2. Bills of Exception Not Filed During Term Time—Diligence.**

Where the bills of exception were duly prepared and presented to the judge during the term, but were not approved and ordered filed by him until after adjournment, because of the judge's illness and inability to read and approve them; Held, this sufficiently explained the delay and the bills are entitled to be considered, since there was no want of diligence on the part of defendant which could have obviated the delay.

**3. Incest—Paramour as a Witness—Statement of Judge.**

On a trial for incest where the prosecution proposed to dismiss the case against the female paramour in order that she might be used as a witness against defendant; and the judge stated to her, that, if she would testify, her case would be dismissed and she would not be prosecuted, Held, the judge had authority to make the statement, and if she, accepting its terms, testified truthfully, it exempted her from prosecution.

**4. Same—Dismissal of Prosecution as to Female Paramour—Objections to.**

On a trial for incest, where the case was over defendant's objections, dismissed against the female paramour in order to make her a witness; the objection being that the dismissal would interfere with his, defendant's "arrangements" as to his defense, without stating what his "arrangements" were, is too general and will not be considered.

**5. Same—Remarks of Judge—Bill of Exceptions—Harmless Error.**

On a trial for incest, where the case was dismissed against the female paramour in order to make her a witness, and the court stated to her, that if she refused to testify, he would force her to do so; Held, while the court had no authority to force her to testify, still the remark of the judge was harmless error where the bill of exceptions failed to show what her testimony was.

**6. Incest With Stepdaughter.**

Carnal intercourse of a stepfather with his stepdaughter is incestuous during the continuance of the marital relations of her mother with the stepfather, but, after the death or divorce of the mother, such intercourse would not be incest.

**7. Same—Charge of Court as to Former Marriage.**

On a trial for incest with a stepdaughter, the court was not required to charge that before a conviction could be had it must appear that the mother of the stepdaughter had been divorced from her former husband, or that he was dead—where such issue was not directly raised and was only to be inferred from the fact that she had two children before her marriage with defendant.

APPEAL from the District Court of Stephens. Tried below before Hon. R. N. LINDSEY.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with incest with his stepdaughter, one Viola Huckaby.

The statement of facts, not having been filed in time, was not considered on this appeal.

The questions raised by the bills of exceptions are fully illustrated in the opinion.

*W. P. Sebastian,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of incest. The statement of facts was filed July 3d, court having previously adjourned June 2d. The excuse for failing to file said statement within the ten days allowed for that purpose is found in the affidavit made by the district attorney to the effect that the statement of facts was handed him some days after the adjournment of the term at which the conviction occurred; that district court was then in session in another county; that he was very busily engaged with the grand jury; and that at intervals he reviewed said statement of facts, and, being unable to agree, he made up and presented to the judge his version of the evidence. He states further that he is not quite sure as to the time appellant's counsel handed him the statement of facts, but believes it

was before the expiration of the ten days after adjournment of the term at which conviction occurred. There is no statement from appellant's counsel. In fact, this is the only showing made. There was no diligence. The statute authorizing the filing of statement of facts subsequent to adjournment of the term was reviewed in George v. State, 25 Texas Criminal Appeals, 229, and under the construction there placed upon the statute this showing is clearly insufficient. George's case has been followed by this court in an unbroken line of decisions. The same construction has been placed upon this statute by our courts of civil appeals.

We are of opinion that the bills of exception should be considered. The affidavit of the trial judge discloses that within two days after the conviction, and during that term of court, appellant presented his bills of exception; that he (the judge) was so sick at the time that the physician interdicted his reading. This sickness continued until after the adjournment of the court. This arose from no want of care or caution on the part of appellant or his counsel, and by reason of the sickness it was placed beyond the power of the judge to act upon them sooner. The statute requires that bills of exception shall be presented to the district judge within ten days after the trial, and before adjournment of the court; and it has been held that, unless this has been done, they will not be considered. Yet some of the decisions intimate there might be exceptions to this rule upon a proper showing. Where bills have been presented within the time required by statute, and are not filed by the judge, they have not been considered, for the reason that it was the duty of the party presenting the bills to follow them up, and see they are approved and filed within proper time. Riojas v. State (Texas Crim. App.), 36 S. W. Rep., 268, and authorities there cited. If the negligence in this case could be laid at the door of appellant or his counsel, the rule laid down in Riojas' case would govern. In other words, if, when the bills were presented to the trial judge, he was not prevented by some uncontrollable circumstance from approving the bills, it would have been incumbent upon the attorneys or party presenting same to see they were either approved or refused— if approved, filed; if refused, to follow the statutory provisions, which authorize the preparation of bills in another way. But here no amount of diligence would have procured the signature of the judge or the filing of the bills. It was beyond the power of the judge to conform to the law, and no amount of diligence on the part of appellant could have overcome this condition of things. We believe, therefore, that the bills should be considered; and further hold that it is not an infringement of the rule laid down in George v. State, 25 Texas Criminal Appeals, 229, and Riojas' case, supra.

Bills numbers 1 and 3 may be considered together. While the alleged incestuous paramour, Viola Huckaby, was on the witness stand, the State was permitted to dismiss her case in order to secure her testimony. The court stated to her that, if she would testify, her case

would be dismissed, and she would not be prosecuted. These matters were objected to, because the court had no assurance of living always, and it was beyond his province to make such promises. The court had the authority to make the statement; and it was immaterial whether he lived or not; if she accepted the terms and testified truthfully it exempted her from prosecution, under the decisions of this court. Camron v. State, 32 Texas Crim. Rep., 180. Another ground of objection was that this action of the court interfered with the "arrangements" of counsel defending appellant and Huckaby. What those arrangements were is not stated. If this action of the district attorney and court operated as a surprise to appellant's counsel, and was injurious to appellant, it should have been stated for the information of this as well as the trial court, and postponement asked in order to fortify against such disadvantages. It is also stated that the court informed the witness if she did not testify he would force her to do so. The court qualifies this bill by stating: "When the witness refused to testify on the ground that it would incriminate her, she was asked if she would answer the questions if she was granted immunity from prosecution, and she stated she would." It may be inferred, on account of these matters, that the witness did testify, though the bills do not so state. Nor do the bills show what her testimony was. She may have testified favorably to defendant and against the State. In fact, so far as these bills disclose, she may have absolutely denied the incestuous intercourse. We do not believe the court had the authority to force her to testify. But, even in this attitude of the matter, it is not made to appear that she testified to any fact in any way injurious to appellant. The court stated he was of opinion that the stepdaughter, under the statute, could not be guilty of incest committed during the life of the mother. We understand the law to be that, while the mother is living the intercourse of her husband with the stepdaughter would be incestuous during the continuance of the marital relation, but after the death or divorce of the mother such intercourse would not be incest. Johnson v. State, 20 Texas Crim. App., 609; Clanton v. State, Id., 615.

Exception is taken to the charge of the court because it failed to instruct the jury that if the mother of Viola Huckaby, wife of defendant, had a former husband, before they could convict it must appear from the evidence that the former husband was dead, or a legal divorce had been obtained. The court qualifies this bill by stating that there was no proof of a former husband. No witness mentioned any such fact, and the record was silent on that point, unless inferred from the fact that before her marriage with defendant Mrs. Eliza Stanford's name was Eliza Huckaby, and that she had two children. As the matter is presented, it is not necessary to discuss it. There was no issue raised on this question. If the facts had shown she had a former living husband, and it was further an issue as to whether there had been a divorce granted, it would have been correct to charge this phase of

the law. Of course, if her former husband was dead before the second marriage, there would have been no issue even on that phase of it. As the record is presented to us, there is no such 'error as requires a reversal, and the judgment is affirmed.

*Affirmed.*