## BILL YOUNG v. THE STATE.

### No. 2569. Decided June 3, 1903.

**1.—Agreement to Turn State's Evidence—Immunity on Account of.**

Appellant was indicted jointly, in G. County, with one D. for both theft and burglary committed within that county. By agreement with the district attorney, with the sanction of the court, both cases were dismissed against him in G. County upon his agreement to turn State's evidence against his codefendant D.; but he was held as to the theft case, because B. County had concurrent jurisdiction of that offense. On the trial in B. County for the offense of theft, defendant pleaded in bar his agreement for immunity in G. County, and the dismissal in that county. Held, G. County having jurisdiction of both cases, the agreement was binding as to both, and it was error to send the case of theft for trial to B. County to which the stolen property had been carried.

**2.—Same.**

An agreement to turn State's evidence against a codefendant, when sanctioned by a court having jurisdiction, is binding on the State; and where defendant complies with it, it is a complete bar to a prosecution for the offense in any other court having concurrent jurisdiction.

Appeal from the District Court of Brazos. Tried below before Hon. J. C. Scott.

Appeal from a conviction of theft; penalty, six years imprisonment in the penitentiary.

The appellant was jointly indicted with J. W. Dunlap, in Grimes County, in two cases, one for burglary and one for theft in the same transaction, committed in Grimes County. He agreed with the District Attorney, for his personal immunity from prosecution, to turn State's evidence against Dunlap. This agreement was sanctioned by the court, and both cases were dismissed on motion of the District Attorney in Grimes County; but the court remanded defendant to custody for the theft in Brazos County, to which latter county the property had been carried after the crime was committed in Grimes County. On this trial for theft in Brazos County, defendant pleaded his agreement and the dismissal in Grimes County in bar to the prosecution for theft. This plea was overruled by the court.

*Lock McDaniel* and *Sam R. Henderson,* for appellant.

*V. B. Hudson,* District Attorney; *M. Nagle,* County Attorney, and *Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft of money in excess of $50, the penalty assessed being six years in the penitentiary.

When the case was called for trial, appellant interposed what is termed a "plea in bar" of the prosecution. This is based upon an agreement had in Grimes County with the district attorney of that district— that county being in a different judicial district from Brazos County. This plea avers that appellant and one Dunlap were charged by the grand jury of Grimes County with burglary and theft, the theft being committed at the time of the burglary. The parties were jointly indicted for both offenses. When the case was called the district attorney moved to dismiss the case as to appellant, as he had made a contract with him to testify against his codefendant, Dunlap, which contract carried with it appellant's immunity from punishment. The court entertained the motion to dismiss, and both cases against appellant were dismissed from the docket in Grimes County. The court stated, in substance, that if they desired to dismiss the case as to Young in Grimes County, as that county had exclusive jurisdiction of the burglary case, he would permit the dismissal, and recognize the agreement of the district attorney as to the burglary case. He also dismissed the case as to the theft on the same motion, but remanded appellant to the custody of the sheriff of Brazos County, because, he stated, Brazos County had concurrent jurisdiction with Grimes over the offense of theft. On the trial of the plea in Brazos County, the district judge, who presided at the trial in Grimes County, took the stand as a witness, and stated in substance that he recognized the agreement as to the burglary case, and dismissed the case as to the theft, because he believed the district attorney intended to give appellant a verdict in Grimes County. The motion of the district attorney, entered in the District Court of Grimes County, was the same in both cases, and based upon the same facts. In Tullis v. State, 41 Texas Crim. Rep., 87, it was held that, in order to make this character of agreement valid, it must have the sanction of the trial judge. Agreements of the character under discussion have been recognized by the decisions of this State with unbroken uniformity, except in Holmes v. State, 20 Texas Crim. App., 518. Where that case was in conflict with this line of decisions, it was expressly overruled in Camron v. State, 32 Texas Crim. Rep., 180. It is unquestionably true that Grimes County had jurisdiction of the burglary as well as of the theft, inasmuch as they were committed within the boundaries of said county. If as a matter of fact the stolen property was carried from Grimes into Brazos County, thereby giving that county jurisdiction of the offense of theft, it did not oust the jurisdiction of Grimes County; it remained by virtue of the act having been committed in that county. Whatever may have been the mental reservation of the trial judge or

his purpose in dismissing the case in his court and sending it to Brazos County for trial, still the dismissal occurred upon the motion of the district attorney which set up the agreement between himself and appellant in which appellant was to testify against his codefendant Dunlap, and for this to receive immunity from further prosecution. Appellant held himself ready to testify against Dunlap, and this seems to have induced Dunlap to enter his plea of guilty in both cases, burglary and theft. The district judge should have positively declined, if he did not intend to recognize this agreement, when the motion to dismiss based upon this ground was presented. This was the only ground upon which this motion to dismiss was based or could have been granted. It was the only pretext for the dismissal; and this was recognized by the judge in granting the dismissal because there was no other ground stated. His action in the matter was binding upon the State, and it would make no difference in the future as to where another prosecution would be commenced. The action of dismissal in Grimes County was final under the agreement, and one which appellant could plead in any court where an indictment charging the same offense was or could be presented against him. The action of the court granting the dismissal in Grimes County was a recognition of the agreement made by the district attorney with appellant, and was binding upon all parties concerned, and entitled him to immunity from further prosecution. The other questions in the case are not noticed because this finally disposes of the case. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*