## Albert Whitten v. The State.

### No. 2955. Decided April 19, 1905.

**Murder—Special Plea—Motion to Dismiss Prosecution.**

Where the special plea and motion to dismiss the prosecution did not show that there was an agreement by the county attorney to dismiss the prosecution, there was no error to refuse to hear testimony on such plea.

Appeal from District Court of Grayson. Tried below before Hon. B. L. Jones.

Appeal from a conviction of murder in the second degree; penalty, thirty years imprisonment in the penitentiary.

This is a companion case to that of Harrison v. State, 47 Texas Crim. Rep., 393, in which case the facts appear substantially in the opinion.

The defendant's motion to dismiss was sworn to by him, and stated substantially that during and before the trial of Harrison, his cofendant, the innocence of defendant was by the State's officers and attorneys admitted. That defendant had made a statement to the sheriff and State officers and agents giving in detail the entire transaction with reference to the said murder, which showed him to be innocent. That knowing this statement to be true, the State's officers and attorneys used him as a State's witness against his said codefendant. That the State used his said testimony and did not attempt to contradict it; and that

having thus accepted, used and held out as true the defendant's said testimony, the State was thereby bound, and that the cause against defendant should be dismissed, and defendant prayed that testimony should be heard on said motion.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment fixed at confinement in the penitentiary for a term of thirty years. This is a companion case to that of Harrison v. State, 11 Texas Ct. Rep., 617.

The first ground of the motion for new trial complains "that the court erred in not hearing the testimony on defendant's special sworn plea, for the reason set forth in defendant's bill of exceptions number 1, which is referred to and made a part of this motion." We find the sworn plea in the record, and also a plea to dismiss the prosecution, setting up certain facts; and we also find an order on said motion to dismiss, refusing it. Appellant does not show an agreement with county attorney. Cameron v. State, 32 Texas Crim. Rep., 180; Tullis v. State, 52 S. W., 83; 53 Neb., 305.

Appellant also insists that the court erred in his charge to the jury as a whole, because said charge in every paragraph, and taking every paragraph together, is on the weight of the evidence; and suggests to the jury, without testimony to bear out said charge, that defendant Whitten, did aid, abet, assist and agree to the killing of deceased, as shown by defendant's bill of exceptions number 2. We have carefully examined the charge; and in our opinion it presents the law aptly to every phase of the case. Appellant's motion then complains of practically every paragraph of the charge, upon the same ground just stated. We do not think any of the objections are correct. The evidence amply warrants the verdict of the jury; and the judgment is affirmed.

*Affirmed.*