Patricio Landin v. The State.

No. 9189.　Delivered October 7, 1925.

**1.—Incest—Evidence—Of Relationship—Must be Conclusive.**

Where on a trial for incest, the issue of relationship of the accused and prosecutrix is sharply contested, proof that the mother of prosecutrix and the accused were husband and wife must be conclusive, and where it is shown that the mother of prosecutrix was formerly married, it is incumbent upon the state to show that such former husband, or husbands, was either dead, or legally divorced from her and that her marriage with the defendant was legal, to warrant a conviction. See McGrew v. State, and other cases cited.

**2.—Same—Evidence—Held, Insufficient.**

Where on a trial for incest, the issue of relationship between the parties as that of step-daughter and stepfather, it was necessary to show that at the time of the incestuous acts, the mother of prosecutrix was living, and was the wife of the accused. We are of the opinion that the evidence is entirely insufficient, in not showing a legal marriage between appellant and prosecutrix, and that it is very doubtful whether or not it was shown that said purported wife was not dead, at the time of the act of intercourse, and for these reasons the cause must be reversed, and remanded.

Appeal from the District Court of Caldwell county.　Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of incest; penalty, six years in the penitentiary.

The opinion states the case.

*C. F. Richards,* and *Leon Green,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted in the district court of Caldwell county on a charge of incest with his daughter, and his punishment assessed at six years in the penitentiary.

After a careful examination of the entire record we find that the main issues for this court to determine in this case are whether or not the prosecutrix was the daughter of the appellant or his step-daughter and whether or not at the time of the alleged incest the mother of prosecutrix was dead. The trial court recognized that these two issues were properly raised by the testimony and charged the jury thereon but not without objection to the sufficiency of said charge upon the part of the appellant's counsel.

The indictment charged incest by appellant with his daughter and the State's testimony tended to prove said issue, while upon the other

hand the testimony of the appellant himself and other evidence introduced by him was to the effect that she was only a step-daughter and was the daughter of his wife by a former husband. This issue was sharply contested on both sides. The undisputed proof as shown by the record is to the effect that the prosecutrix's mother had been married to two other men prior to the alleged marriage between her and the appellant and said record is entirely silent as to whether or not her former husbands were dead or had been legally divorced from her at the time of the marriage or alleged marriage by the appellant in this case. We understand the law to be in this State, under cases of this character that it is absolutely necessary for the State before sustaining a conviction, to show affirmatively that said former husband or husbands were either dead or divorced and that said marriage with the defendant was legal, in order to convict the defendant in this case. McGrew v. State, 13 Tex. App. 340. Stanford v. State, 42 Tex. Crim. Rep. 343. Burford v. State, 68 Tex. Crim. Rep. 295; Hamilton v. State, 68 Tex. Crim. Rep. 419; Vickers v. State, 69 Tex. Crim. Rep. 628.

Upon the other proposition as to whether or not it was necessary to show the wife was dead at the time the alleged intercourse took place, the appellant's contention is supported by the cases of Johnson v. State, 20 Tex. Crim. App. 609. Vickers v. State, 69 Tex. Crim. Rep. 628. Hamilton v. State, 68 Tex. Crim. Rep. 419. The evidence on this point is very uncertain by the prosecutrix and upon the part of the appellant it is shown that no such relationship existed between him and the prosecutrix and that his wife died in July about the 10th, prior to the alleged date of intercourse in the following August. We are of the opinion that the evidence is entirely insufficient, in not showing affirmatively a legal marriage between appellant and his said wife as required by the decisions, *supra*, and is very doubtful as to whether that said wife was not dead at the time of the alleged intercourse. The appellant criticised the charge of the court in these particulars and offered special charges covering these phases of the case which were refused. We find the court in his general charge, charged the jury on both phases of this case but connected same up on both points which was calculated to lead the jury to believe that if the evidence showed both a valid marriage, and the death of the appellant's wife, to convict, and in our opinion the charge should have been so framed as to have instructed the jury that in the event either one of said issues were not shown beyond a reasonable doubt to acquit the defendant. In view of another trial, we suggest that the charge be so framed.

The appellant complains at the refusal of the court to permit him to introduce certain witnesses that were very material to his defense in showing that the prosecutrix had made statements inconsistent with her testimony, and showing that the child which she contends belonged

to the appellant was the child of another man. The court excluded witnesses tendered on this issue because the rule was invoked and had been violated by the appellant's counsel. These bills, as well as the bills to the action of the court in overruling the motion for a new trial for newly discovered evidence and the admission of testimony upon the part of the State to the effect that the defendant was the father of another child by another woman other than the prosecutrix, which last testimony was afterwards withdrawn by the court, will not likely arise upon another trial and we deem it unnecessary to pass on those issues at this time.

For the reasons above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.