## A. D. TURNEY v. THE STATE.

### No. 1762. Decided May 17, 1899.

**1. Special Plea of Agreement to Turn State's Evidence—Practice.**

A special plea of immunity from prosecution based upon an agreement to turn State's evidence, in practice, is not authorized to be submitted to the jury, but should be tried by the court. Following Camron v. State, 32 Texas Criminal Reports, 180.

**2. Same—Burden of Proof.**

Upon a special plea of immunity from prosecution based upon an agreement to turn State's evidence, the burden of proof is upon the defendant to establish the plea by a preponderance of evidence.

APPEAL from the District Court of Kaufman. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction for theft of a hog; penalty, three years imprisonment in the penitentiary.

No statement necessary.

*Jack & Jack,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a hog, and his punishment assessed at three years confinement in the penitentiary; and he appeals.

All of appellant's assignments of error are based upon the charge of the court submitting to the jury the special issue as to whether or not defendant had made a special contract with the State, through Adams, the county attorney, to the effect that, if he would disclose all he knew as to the connection of other persons with the theft of said hog, the State would make a witness of him, and not prosecute him. The contention of appellant is that the court instructed the jury, as to this special plea, that the burden was on the defendant to prove it by a preponderance of the evidence. Appellant also asked some special instructions on this subject,

40th Crim. Reps.—36

which he claims would have cured the error. It will be observed that appellant's special pleas do not suggest that the burden was on the State to overturn the special plea by evidence beyond a reasonable doubt. We do not understand that any objection was made to the submission of this issue to the jury. In practice, a special plea of this character is not authorized to be submitted to the jury, but should be tried by the court. Camron v. State, 32 Texas Crim. Rep., 180. However, it does not occur to us that appellant can complain because the court submitted this issue to the jury, treating the same as a special plea, and instructed the jury that the burden was on appellant to prove the same by a preponderance of the evidence. If the matter had been submitted to the court, which was the proper tribunal for its determination, it would not have been required of the judge, in order to solve the matter, to require the State to overturn by negative proof appellant's plea by evidence establishing it beyond a reasonable doubt. If, after hearing the proof on such matter, the judge satisfied himself that appellant did not establish his alleged contract by a preponderance of the evidence, then it was his duty to overrule the same. Indeed, this matter appears to be left to the discretion of the trial judge, and we would not reverse a case unless there was clear proof of abuse of such discretion. Camron v. State, 32 Texas Crim. Rep., 180. If we look to the proof offered before the jury, certainly appellant has no just ground of complaint that the jury decided against him. If, on the same evidence, the court had stricken out and overruled the special plea, appellant could not complain. There being no error in the record, the judgment is affirmed.

*Affirmed.*