## WILL BARNES V. THE STATE.

### No. 2317. Decided November 28, 1900.

**1. Indictment—Date of Offense.**

It is absolutely essential to the sufficiency of an indictment that it should set forth the date upon which the alleged offense was committed.

**2. Same—Assault with Intent to Murder.**

An indictment which charges that on or about the —— day of ——, A. D. 1900, defendant did then and there of his malice aforethought, make an assault upon W. C. S., with intent to murder the said W. C. S., sufficiently alleges that defendant did commit the assault.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

Defendant made a motion in arrest of judgment based upon the insufficiency of the indictment, which motion was overruled.

The opinion sets out the indictment.

No statement necessary.

*Brewer & Windham,* for appellant, cited: State v. Banks, 41 Texas, 291; State v. Stack, 30 Texas, 352; State v. Johnston, 32 Texas, 96; Wills. Crim. Forms, 357.

*Rob't A. John,* Assistant Attorney-General, for the State, cited: Penal Code, art. 439; White's Ann. Penal Code, sec. 343; Smith v. State, 31 Texas Crim. Rep., 33; White's Code Crim. Proc., secs. 1026, 1028.

DAVIDSON, PRESIDING JUDGE.—Omitting formal portions, the indictment reads as follows: "Will Barnes, on or about the —— day of ——, A. D. 1900, and anterior to the presentation of this indictment, in the County of Nacogdoches and State of Texas, did then and there, unlawfully and of his malice aforethought, in and upon W. C. Scott an assault make, with intent to murder the said W. C. Scott, against the peace and dignity of the State." Motion in arrest of judgment was made, (1) upon the failure of the indictment to set out a particular date upon which the offense was committed; and (2) that it failed to allege that appellant did commit the assault. With reference to the last proposition the indictment is sufficient. However, the first ground of the motion is well taken. It is necessary, in charging an offense, to set out some particular date when the offense was committed. Such is the unbroken line of authorities since the case of State v. Eubanks, 41 Texas, 291. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*