## Alice Fox v. The State.

### No. 1047.   Decided March 15, 1911.

**Burglary—Indictment—Want of Consent.**

Where the indictment for burglary did not contain the allegation that the alleged stolen goods were taken without the consent of the alleged owner, the offense of burglary with the intent to commit theft was not sufficiently alleged.

Appeal from the District Court of Jackson. Tried below before the Hon. John M. Green.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was placed on trial under an indictment containing two counts, one charging burglary in the daytime and the other burglary at night. The court in his charge submitted the case on both counts. The jury returned a verdict of guilty, assessing the punishment at two years confinement in the State penitentiary. This penalty is applicable only to the count charging burglary in the daytime.

Upon an inspection of the indictment, we find that this count does not contain an allegation that the stolen goods were taken without the consent of the owner, only alleging that appellant did break and enter the house "with the fraudulent intent of her, the said Alice Fox, to take from said house corporeal property therein being and belonging to the said George Green, the owner of said property, of the value thereof, and to appropriate the same to the use and benefit of her, the said Alice Fox." Theft is defined in the statute, and the indictment does not allege the elements. Taylor v. State, 23 Texas Crim. App., 639, and authorities there cited.

It is useless to discuss the other errors assigned.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*