SAM TODER *v.* THE STATE.

No. 9252.   Delivered March 11, 1925.

Burglary—Indictment—Fatally Defective.

Where an indictment· is fatally defective, notwithstanding no motion to quash or in arrest of judgment appears in the record, it is incumbent on this court, as in this case, to reverse and dismiss the cause, and it is so ordered.

Appeal from the Criminal District Court of Harris County.   Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of burglary; penalty, two years in the state penitentiary.

No brief filed by appellant.

. *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris county of burglary, and his punishment fixed at two years in the penitentiary.

The record is before us without statement of facts or bills of exception.   An inspection of the indictment, however, reveals that it fails to allege that it was the intention of the appellant in the burglary of said house to take therefrom corporeal personal property "without the consent" of the alleged owner.   This is held in Treadwell v. State, 16 Texas Crim. App. 644, and Fox v. State, 61 Texas Crim. Rep. 544, to be a necessary allegation.   The indictment is fatally defective and, although no motion to quash or in arrest of judgment appears in the record, it is incumbent upon this court to decline to approve a judgment based upon a fundamentally defective indictment.

The judgment of the trial court will be reversed and the prosecution ordered dismissed.