## DEE ALEXANDER V. THE STATE.

No. 16739. Delivered June 20, 1934.

The opinion states the case.

*E. M. Davis,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; penalty assessed at confinement in the penitentiary for five years.

The indictment contains two counts, the first of which is based upon Art. 1391, and the second count upon Art. 1390,

P. C., 1925. The conviction is upon the first count in which it is charged in effect that appellant unlawfully entered the house of J. A. Graham, "the same being the private residence of J. A. Graham, the same then and there being a house occupied and actually used by the said J. A. Graham as a place of residence, with the intent then and there to take from the said house corporeal personal property therein being and belonging to the said J. A. Graham, without his consent and with the intent to deprive the said J. A. Graham, the owner of said corporeal personal property, of the value thereof and to appropriate the same to the use and benefit of * * * the said Dee Alexander."

The count mentioned obviously is an intent to charge the accused with making the entry for the purpose of committing the crime of theft.

There was filed in the trial court a motion in arrest of judgment based upon the claim that the count in the indictment upon which the conviction rests was inadequate to charge the offense of which appellant was convicted, namely, of breaking into and entering a private residence at night with the intent to commit theft. The motion calls specific attention to the fact that in describing the offense in the first count of the indictment, there was a failure to set out the elements of the crime of theft. To render an indictment for the crime of theft sufficient, it is essential that it charge that the intent of the offender was to *fraudulently* take the property. Likewise, in charging the offense of burglary where the entry is alleged to have been for the purpose of committing the crime of theft, the use of the word "fraudulent" or "fraudulently" as descriptive of the intent of the offender has, throughout the history of the jurisprudence of this State, been regarded as essential. See Treadwell v. State, 16 Texas App., 644; Fox v. State, 61 Texas Crim. Rep., 544: Reed v. State, 14 Texas App., 662; Taylor v. State, 5 S. W., 141. See also Tex. Jur., Vol. 7, p. 811, sec. 60 and precedents cited. From section 60, supra, we quote as follows: "The essential element of the crime of theft, as defined by statute, is the fraudulent taking of corporeal personal property, and an allegation of a fraudulent taking is indispensable."

Under the statute, the offense of burglary consists of committing a felony or the crime of theft. All thefts are not felonies but all burglaries to commit the crime of theft are felonies, and as stated above, when it is claimed by the State that the entry was made with the intent to commit the *crime of theft,* the indictment is insufficient if it fails to charge the ele-

ments of theft; that is, to embrace the averment that the act was done with a fraudulent intent. See P. C., 1925, pages 311-312.

We have been referred by appellant to the following cases: Phillips v. State, 89 Texas Crim. Rep., 483; Crowell v. State, 24 Texas App., 412; Demint v. State, 26 Texas App., 370; Taylor v. State, 27 Texas App., 463; Hayes v. State, 30 Texas App., 407; Johnson v. State, 34 Texas Crim. Rep., 254; Watt v. State, 61 Texas Crim. Rep., 662; Branch's Ann. Texas P. C., Sec. 2426; Newman v. State, 23 S. W. (2d) 367.

In the present instance the State's attorney before this court, in his brief filed here, concedes that the first count of the indictment upon which the conviction is based is insufficient to meet the demand of the law with reference to charging the offense. In this view we are constrained to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*