**Ex parte Raymond Garza VALDEZ.**

**No. 54737.**

Court of Criminal Appeals of Texas.

May 3, 1977.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P. The appellant was convicted of the offense of burglary under the provisions of the former Penal Code, Article 1390, V.A.P.C., 1925. His punishment, which was enhanced by two prior felony convictions, is imprisonment for life.

The appellant urges that the indictment under which he was convicted is fundamentally defective and is therefore subject to collateral attack. See *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975). The pertinent part of the indictment alleges that on or about the 14th day of July, 1973, the appellant

" . . . did then and there unlawfully break and enter a house owned by Alfred Costello, hereafter styled the complainant, with the intent fraudulently to take therefrom corporeal personal property of the complainant and with the intent to deprive the complainant of the value of the property and to appropriate it to the defendant's use and benefit . . . "

Under the former Penal Code an indictment for burglary with the intent to commit theft was fundamentally defective if it failed to allege that the accused intended to take the property without the consent of the owner. See *Treadwell v. State*, 16 Tex.Cr. 643 (1884); *Fox v. State*, 61 Tex. Cr.R. 544, 135 S.W. 570 (1911); *Toder v. State*, 99 Tex.Cr.R. 337, 269 S.W. 1043 (1925); cf. *Martini v. State*, 116 Tex.Cr.R. 58, 32 S.W.2d 654 (1930); *Mitchell v. State*, 118 Tex.Cr.R. 77, 37 S.W.2d 1018 (1931); *Garrett v. State*, 118 Tex.Cr.R. 71, 43 S.W.2d 120 (1931); *Rodriguez v. State*, 128 Tex.Cr.R. 262, 80 S.W.2d 988 (1935). Also see and compare *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975), which holds that under the new Penal Code (1974) an indictment charging the offense of burglary with the intent to commit theft need not allege the elements of theft.

The indictment in this case failed to allege that the appellant intended to take the property *without the consent of the owner*. The indictment is fundamentally defective. *Treadwell v. State, supra; Fox v. State, supra; Toder v. State, supra.*

The requested relief is granted, and the prosecution under this indictment is ordered dismissed.

Opinion approved by the Court.