Ex parte Frank Roger MILLARD.

No. 61495.

Court of Criminal Appeals of Texas, En Banc.

June 6, 1979.

Rehearing Denied Oct. 10, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post conviction habeas corpus application brought pursuant to Article 11.-07, V.A.C.C.P.

On April 12, 1977, petitioner was convicted of aggravated robbery in cause number F77–1427–IK in Criminal District Court No. 4 of Dallas County. At the punishment stage of the trial, a jury found the allegations of two prior convictions alleged for enhancement under V.T.C.A., Penal Code, Sec. 12.42(d), to be true, and petitioner was sentenced to life.

In this habeas corpus application, petitioner contends the conviction must be set aside because one of the prior convictions used to enhance his punishment is void. Specifically, he contends his prior conviction in cause number C–71–9595–LH is void because the indictment in that case is fundamentally defective. That indictment alleged in relevant part that appellant did:

". . . by force, threats and fraud attempt to break and enter a house there situate and occupied and controlled by Farrel K. Baker without the consent of the said Farrel K. Baker and with the intent then and there on the part of him, the said Frank Roger Millard fraudulently to take from said house corporeal personal property therein being, and belonging to the said Farrel K. Baker from the possession of the said Farrel K. Baker without the consent of him, the said Farrel K. Baker and with the intent to deprive the said Farrell K. Baker the owner of said corporeal personal property of the value thereof, *and with intent to appropriate the same to the use and benefit of him, the said Farrel K. Baker, and the said Farrel K. Baker then and there, in carrying out said design to break and enter said house with the intent aforesaid did punch hole in vent of said house, with the intent then and there to so enter* . . ." (Emphasis added)

The trial court recommended that relief be denied because no objection on this ground was raised when proof of the prior

conviction was presented during the 1977 trial. It is established however, that a collateral attack may be brought against enhancement of punishment that is based on a void prior conviction. See, e. g., *Ex parte Swinney*, Tex.Cr.App., 499 S.W.2d 101.[1] It is also established that an indictment must allege all essential elements of the offense. *Ex parte Winton*, Tex.Cr.App., 549 S.W.2d 751, and authorities cited there.

■ The indictment in the prior conviction, set out above, was intended to allege attempted burglary under the 1925 Penal Code. The emphasized portion, however, reveals that the name of the owner of the property was alleged where petitioner's name should have been alleged. It alleges that the owner of the house and property committed the acts alleged, and that the intent was to appropriate property for the use and benefit of the owner. Thus, the indictment fails to allege the elements of the crime of theft, as was essential in an indictment for burglary with intent to commit theft under the former penal code. *Alexander v. State*, 126 Tex.Cr.R. 495, 72 S.W.2d 1073. See also, *Ex parte Valdez*, Tex.Cr.App., 550 S.W.2d 88; *Weaver v. State*, 132 Tex.Cr.R. 253, 103 S.W.2d 974; *Rodriguez v. State*, 128 Tex.Cr.R. 262, 80 S.W.2d 988. We hold that the indictment for attempted burglary in cause number C–71–9595–LH in Criminal District Court No. 5 of Dallas County is therefore void.

■ Because one of the prior convictions used for enhancement of punishment in cause number F77–1427–IK in Criminal District Court No. 4 of Dallas County is void, and because the punishment stage in the trial of that case was decided by a jury, the conviction must be set aside. *Hickman v. State*, 548 S.W.2d 736. Accordingly, the conviction in that cause is set aside and

petitioner is remanded to custody to answer the indictment pending against him in cause number F77–1427–IK in Criminal District Court No. 4 of Dallas County. A copy of this opinion will be sent to the Department of Corrections.

It is so ordered.

DOUGLAS, J., dissents.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission, we held an indictment for attempted burglary, basing a judgment of conviction that was used for enhancement of punishment, is void because it failed to allege every essential element of the crime of theft, the offense intended to be committed after entry. Requisites of the indictment are governed by the former penal code, attempted burglary being described by Article 1402 thereof.

We granted the State leave to file its motion for rehearing in view of its vigorous contention that the indictment, conceded to be defective, is not fundamentally defective. In its motion the State argues:

"The indictment alleges all of the elements of the offense of attempted burglary. The only defects in the indictment are that the victim's name appears in two places where the petitioner's name should appear. This was an error in drafting the indictment. Perhaps this was a careless error, but it is not one that should result in the granting of habeas corpus relief."

The State also urges that petitioner "should be estopped" from asserting the defect for he passed over what the State counts as five opportunities to challenge the indict-

---

1. We are not unaware of our decision in *Ex parte Gill*, Tex.Cr.App., 509 S.W.2d 357, which held that failure to object to admission of evidence of a prior conviction on grounds of denial of counsel at the revocation of probation in a prior conviction used for enhancement "constitutes a waiver of the claimed rights" (id., at 359) to assistance of counsel. At issue here, however, is not some right that can be waived,

but the very power of the trial court to have heard the 1971 case, for the indictment, if fundamentally defective, deprives the trial court of jurisdiction over the case. See, e. g., *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266; *American Plant Food Corp. v. State*, Tex.Cr.App., 508 S.W.2d 598; cf. *Drumm v. State*, Tex.Cr.App., 560 S.W.2d 944.

ment but did not do so "until this instant proceeding.[1] "

■ From our further examination of the indictment, applicable statutes and pertinent judicial construction, we have concluded that the indictment is fatally defective for yet another reason. That is, on its face it does not meet one of the essential requisites of an indictment prescribed by Article 21.02, V.A.C.C.P., to wit: "7. The offense must be set forth in plain and intelligible words." Thus, "the inquiry must be whether the charge in writing furnished that information in plain and intelligible language," *Wilson v. State*, 520 S.W.2d 377, 379 (Tex.Cr.App.1975), *Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Cr.App.1977). If in this fashion the pleading states facts which if true show a violation of the law by the accused, it is not fundamentally defective.[2] *Posey v. State*, 545 S.W.2d 162, 163 (Tex.Cr. App.1977). See generally *Dovalina v. State*, 564 S.W.2d 378, 384–385 (Tex.Cr.App.1978) (Concurring opinion of Odom, J.).

■ Patently the indictment here is far from "plain and intelligible," for it avers that someone named Farrel K. Baker "in carrying out said design to break and enter said house with the intent aforesaid did punch hole in vent of said house, with the intent then and there to so enter. . ." The indictment does not attribute such acts and conduct, or any others constituting an attempt, to petitioner, Frank Roger Millard.

■ But the State, without citing any supporting authority, would have us conclude that an indictment that is otherwise patently void will support a conviction if we find that the fatal defect is plainly the result of a scrivener's error. That proposition, however, ignores settled principles that are fundamental in the jurisprudence of this State concerning an indictment. "The State is required to so plead its case by the indictment that the Court will not be required to indulge in any presumption to complete the pleading," *Sanchez v. State*, 155 Tex.Cr.R. 364, 235 S.W.2d 149, 153 (1951). "The pleading must be tested, when it is claimed it is insufficient, by the pleading itself. And whatever testimony was introduced at the trial cannot be referred to as either supporting the allegations or to show their insufficiency, so far as the validity of the indictment itself is concerned," *Ritter v. State*, 76 Tex.Cr.R. 594, 176 S.W. 727, 730 (1915). So it is that, even though a clerical error is the only explanation for it, an indictment is fundamentally defective if it alleges an offense to have been committed on an impossible date, *McGinsey v. State*, 60 Tex.Cr.R. 505, 132 S.W. 773 (1910),[3] or an incompleted date such as "the _____ day of _____, A.D. 1900," *Barnes v. State*, 42 Tex.Cr.R. 297, 59 S.W. 882 (1900).[4] See cases annotated under note 28,

1. The statement, particularly the underlined portion, is not completely correct. Dated October 21, 1978 and filed October 28, 1978, through court-appointed counsel petitioner presented a petition for writ of habeas corpus to the court below that previously had been prepared by petitioner without benefit of counsel. Therein, under the heading "enhancement paragraphs" petitioner points to the indictment by number, alleges it is "void because the entire concluding paragraph is wrong," and then proceeds to quote substantially the same language that the original opinion did. After the application, with its accompanying papers, was received by this Court, December 7, 1978, a review of it resulted in the notation "direct appeal pending—no action necessary," made December 20, 1978. A month or so later, the judgment of conviction of the primary offense ·was affirmed per curiam and mandate issued February 9, 1979. The per curiam affirmance did not address petitioner's habeas corpus contention that was rejected because of pendency

of direct appeal. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. A defect of substance provided by Article 27.08, V.A.C.C.P., is when it does not appear from the face of the indictment "that an offense against the law was committed by the defendant."

3. In the circumstances there February 29, 1910 was an impossible date, as was the 7th day of March A.D. "19663," in *Moreno v. State*, 375 S.W.2d 309 (Tex.Cr.App.1964).

4. In *Bradford v. State*, 62 Tex.Cr.R. 424, 138 S.W. 119 (1911) the indictment alleged "one thousand nine hundred and _____, just as it did in *Jackson v. State*, 489 S.W.2d 565, 567 (Tex.Cr.App., on motion for rehearing, 1973): "The fact that the error or omission is a clerical one is immaterial."

Article 21.02, V.A.C.C.P., the earliest being *Robles v. State,* 5 Tex.App. 346, 358–359 (1879), explaining that to hold otherwise would create a precedent and encourage carelessness. One hundred years later we decline to set a precedent and we continue to discourage carelessness.[5] But, more importantly, discovering the defect or having it called to the attention of this Court, we will not assume the risk involved by undertaking to cure the defect through interpretation and construction of the otherwise fatal infirmity. It is quite enough that we note the repugnancy, *Brown v. State,* 96 Tex.Cr.R. 409, 257 S.W. 891 (1924), or the inherent contradiction, *Finklea v. State,* 579 S.W.2d 497 (Tex.Cr.App.1979), and send it back to the draftsman for corrective action that reflects the true intendment.

Accordingly, the State's motion for rehearing is overruled.

---

**5.** To implement this age old policy consideration, this Court must insist that the State correct *its* mistake rather than "estop" a habeas corpus petitioner from pointing it out. Otherwise a citizen remains incarcerated through carelessness of others—including as here his own counsel—despite his correct assertion that he is illegally confined because of their impermissible errors.