Ex parte Luis HERRERA, Appellant.

No. 66218.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 10, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Kevin Bryan MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 62753.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

## OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P. The applicant was convicted in 1979 in cause number 17,354 in the 49th District Court of Webb County for the offense of murder.

The applicant contends that the trial court did not have jurisdiction to try the cause because of fundamental error in the indictment in which an impossible date for the commission of the offense was alleged.

The date of the offense was alleged to have been committed "on or about the 10th day of November A. D. 19 8 and anterior to the presentment of the indictment. . . ."

Many cases have held that an indictment is fundamentally defective if it alleges that the offense was committed on an impossible date. See *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979), and *Barnes v. State*, 42 Tex.Cr.R. 297, 59 S.W. 882 (1900). It is impossible that appellant could have committed the offense in "19 8 ".

The relief sought is granted. The applicant is ordered discharged from custody in this cause.