**Larry Wayne WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66044.**

Court of Criminal Appeals of Texas, En banc.

Jan. 21, 1981.

Charles O. Melder, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Larry P. Urquhart, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The appeal is from a conviction of capital murder wherein the jury answered affirmatively the first and second issues, with the punishment being fixed at death.

The indictment alleged that appellant caused the death of Elizabeth St. John, a seventy-two year old woman, "by choking her with his hands and stabbing her with a screwdriver," while in the course of committing and attempting to commit robbery. V.T.C.A., Penal Code, § 19.03(a)(2). A second count was contained in the indictment alleging murder in violation of V.T.C.A., Penal Code, § 19.02(a)(1).

Appellant does not challenge the sufficiency of the evidence to support the judgment of conviction or the imposition of the death penalty as punishment. Nevertheless, in order to put into proper focus the questions before us, we present a short resume of the facts of the case.

It was proved that in early February 1977, appellant left his employment as a maintenance man at an apartment complex in Houston and went to Florida for approximately two weeks. Upon his return to Houston, late in that month, he went to work for Lavelle Wasson at the Airline Apartments where he and Wasson painted an apartment.

The deceased came to Houston from Austin on Sunday and stayed with Ms. Wasson until her apartment was ready for occupancy the following Wednesday, March 2, 1977. Appellant became acquainted with the deceased while she was using Wasson's apartment.

On March 3, Wasson noted that the deceased's Ford Pinto automobile was missing and that appellant's Plymouth Valiant was parked on the street in front of the apartment. The door to the deceased's apartment was locked but Wasson and one McGill, for whom appellant had worked earlier, were able to look through a window into the apartment.

They found the body of the deceased, partially nude, across a bed in the apartment. The police found that deceased had been stabbed in the back with a screwdriver. The assistant medical examiner testified that death resulted from both the stab wound and asphyxia caused by manual strangulation.

City police in Myrtle Beach, South Carolina, arrested appellant in that city while he was in the course of attempting to burglarize a restaurant. The deceased's Ford Pinto was parked a few feet from the restaurant and appellant had the keys thereto in his pocket. The police found several items of personal property belonging to deceased in the car.

Appellant gave a complete and detailed written confession to Florida officers in which he admitted stealing the car after choking and stabbing deceased with a screwdriver. The confession comes to us without complaint.

At the punishment hearing, it was shown that appellant had been convicted in Florida of the murder of an eighty-year-old woman in Orlando, Florida, and that he had been convicted earlier of forgery, resisting arrest, and assault and battery. A psychiatrist and a clinical psychologist, each of whom had examined appellant, testified that it was probable that a person who had committed the murder involved in this case and the one in Florida and who also had the other prior convictions mentioned, would commit further crimes of violence.

Appellant offered no testimony at the guilt/innocence phase of the bifurcated trial.

In his first and second grounds of error, appellant contends that the trial court erred in refusing to grant his motion for mistrial after one of the State's witnesses had given testimony relating to an extraneous offense.. Houston homicide detective D. R. James, investigating the homicide on the morning of the discovery of the body, said that appellant was an early suspect in the case because his car was parked in front of the apartment. A computer check was run on the vehicle. We now continue with a direct quotation from the record:

"A. ... And it [the computer results on appellant's car] came back as stolen and wanted on a murder case out of Florida.

"[DEFENSE COUNSEL]: Your Honor, I'll object to that last statement by the witness.

"THE COURT: Sustain objection.

"[DEFENSE COUNSEL]: I would urge the Court, Your Honor, to instruct the jury not to consider that answer.

"THE COURT: Ladies and gentlemen, you will not consider the last answer of this witness for any purpose whatsoever.

"[DEFENSE COUNSEL]: Also, Your Honor, I would move for a mistrial because of that inflammatory remark.

"THE COURT: That's overruled."

█ We readily admit, as has been held in several cases cited by appellant, that "an accused may not be tried for some collateral crime or for being a criminal generally." See, e. g., *Hines v. State*, 571 S.W.2d 322, 325 (Tex.Cr.App.1978). However, not every unresponsive statement of a witness followed by a ruling sustaining an objection and an instruction to the jury to disregard the remarks will result in a reversal of the judgment. Such an unresponsive answer is ordinarily rendered harmless by a prompt instruction from the trial judge to the jury to disregard such evidence. See *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Cr.App. 1979), and authorities therein cited. See also, *Chambers v. State*, 568 S.W.2d 313, 326 (Tex.Cr.App.1978).

Moreover, appellant does not argue that he was prejudiced by the unresponsive statement of the police officer. His guilt was established by an overwhelming amount of evidence and it is inconceivable that this single remark in any manner served to prejudice his right to a fair trial.

█ We do not find any error to have been shown. However, even if such an incident could rise to the level of a constitutional error, it could be found to be harmless, provided "the appellate court finds that from all the facts and circumstances in evidence the error was harmless beyond a reasonable doubt." *Ex parte Smith*, 513 S.W.2d 839, 843 (Tex.Cr.App.1974), and authorities therein cited.

From the record, only a small part of which has been set out in this opinion, we have no difficulty in finding, beyond a reasonable doubt, or hesitancy in holding that the error, if any, was harmless. The first two grounds of error are overruled.

The third ground of error reads:

"The charge authorized the jury to convict on a theory not alleged in the indictment."

From the statement and argument, we learn that the complaint is over a variance

between the date of the alleged offense, as alleged in the indictment, and that set out in one paragraph of the charge. The indictment, which was returned on March 24, 1977, alleged that the murder was committed "on or about March 1, 1977."

In applying the law of capital murder to the facts, as set out in the margin,* the court erroneously fixed the date of the murder as March 1, 1979. Appellant made no objections to the charge nor did he request any special instructions be given to the jury. Our consideration of the question, under these circumstances, must be limited to whether "any of the fundamental evils condemned by our holdings infected appellant's conviction in the instant case." *Robinson v. State*, 596 S.W.2d 130, 133 (Tex.Cr. App.1980).

 It is likewise clearly established that in the absence of objections to the charge or a specially requested charge, no errors therein can be considered on appeal "unless it appears that the defendant has not had a fair and impartial trial." *Boles v. State*, 598 S.W.2d 274, 278 (Tex.Cr.App. 1980). And, in determining whether fundamental error is present, it is proper to view the charge as a whole. *Robinson v. State*, supra; *Slagle v. State*, 570 S.W.2d 916, 920 (Tex.Cr.App.1978).

 In our examination of the several paragraphs of the charge, we note that the opening sentence gave the correct date, March 1, 1977, by advising the jury that appellant had pleaded not guilty to the charge of capital murder committed on that date. After setting out the elements of murder, capital murder, and robbery and defining certain terms, the court advised the jury in no uncertain terms that before it could find appellant guilty of capital murder, it must find from the evidence and beyond a reasonable doubt that "on the occasion in question" (previously stated to

be the correct date, March 1, 1977), appellant committed the offense.

Appellant relies upon language found in *West v. State*, 567 S.W.2d 515 (Tex.Cr.App. 1978), but we do not share appellant's view of the holding of *West*. There, the conviction was reversed because fundamental error was shown by the omission of an element of the offense from the charge: a culpable mental state. Nor do we find the other cited case to be in point: *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979).

In *Millard*, supra, one of the enhancement paragraphs was based upon an indictment which was fundamentally defective because it failed to allege all of the elements of the offense charged, consequently the indictment was void. (587 S.W.2d at 705) On rehearing, the court, en banc, rejected the State's argument that the defect was "plainly the result of a scrivener's error." (587 S.W.2d at 706) As the Court noted in *Millard*, fn. 2:

"A defect of substance provided by Article 27.08, V.A.C.C.P., is when it does not appear from the face of the indictment 'that an offense against the law was committed by the defendant.'"

Tested accordingly, the indictment in *Millard* being void, it could not support a valid conviction.

Although decided more than a century ago, we find that the holding in *McCoy v. State*, 7 Tex.App. 379, 381 (1879), is controlling. There, it was said:

"The indictment charged the offence to have been committed on the twenty-ninth day of June, 1878. In his charge to the jury, the judge, in the preliminary statement of the nature of the case on trial, tells them that defendant is charged with rape 'alleged to have been committed on the 29th day of June, A.D. 1879.' It is too plain to admit of controversy that the mistake in the year is one entirely cleri-

---

* The paragraph of the charge read: "Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of March, 1979, in Harris County, Texas, the defendant, LARRY WAYNE WHITE, did intentionally kill ELIZABETH ST. JOHN by choking her with his hands and stabbing her with a screwdriver and that said defendant was then and there in the course of committing or attempting to commit the offense of robbery of ELIZABETH ST. JOHN of her property, then you will find the defendant guilty of capital murder."

cal, and one which could not possibly mislead the jury. . . ."

The Court continued by pointing to other language in the charge which confined the jury to the time and place fixed in the indictment—just as we have mentioned in the case now under review. We now hold, just as we held in *Thomas v. State*, 587 S.W.2d 707, 708 (Tex.Cr.App.1979):

"This evidently inadvertent mistake could not so have misled the jury as to constitute fundamental error. Compare *Ellis v. State*, 22 S.W. 678 (Tex.Cr.App.1893)."

See also, *Felder v. State*, 564 S.W.2d 776, 779 (Tex.Cr.App.1978); *Bishop v. State*, 507 S.W.2d 745, 746–747 (Tex.Cr.App.1974).

We do not find either fundamental or reversible error, and the third ground of error is overruled.

In the fourth ground of error, appellant contends that the court erred in not granting his pre-trial "Motion Challenging Statutory Oath Specified in § 12.31(b) T.P.C." The substance of the motion was to the effect that to "disqualify" a prospective juror because of said statute would have the effect of denying to him "a representative jury" guaranteed under the Sixth Amendment, under Art. 1, § 10 and § 15 of the Texas Constitution, and under V.A.C. C.P., Art. 36.29.

Appellant now cites *Adams v. Texas*, 448 U.S. ——, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980), as the sole support of the contention now advanced. Surprisingly, however, he does not attack the exclusion of a single prospective juror because of the venireman's inability to answer the questions posed by our statute.

Instead, as we view the record, appellant assumes that the invalidity of Sec. 12.31(b) automatically destroyed the integrity of the jury to the extent that once it was used in the jury selection, no verdict imposing the death penalty can stand. We are not persuaded that *Adams v. Texas*, supra, leads to such a result. Indeed, the *Adams* Court did not declare Sec. 12.31(b) to be unconstitutional. Instead, it held that it was the *application* of the statute which offended the *Witherspoon* doctrine.

The Court held specifically:

"The State could, consistently with *Witherspoon*, use § 12.31(b) to exclude prospective jurors whose views on capital punishment are such as to make them unable to follow the law or obey their oaths. But the use of § 12.31(b) to exclude jurors on broader grounds based on their opinions concerning the death penalty is impermissible." (—— U.S. at ——, 100 S.Ct. at 2528, 65 L.Ed.2d at 592)

The majority opinion concluded that because "*in the present case Texas has applied § 12.31(b)*" to exclude jurors not subject to exclusion under *Witherspoon* standards, the death penalty could not be upheld. Appellant does not even make this complaint, much less attempt to show the application of the statute.

Appellant does not point to a single juror who was improperly excused nor does he attempt to show that he interposed any objection to the excuse of any prospective juror. This Court has long enforced the rule that the failure to object to the improper exclusion of veniremen waives that right and such exclusion cannot be considered on appeal. *Burks v. State*, 583 S.W.2d 389, 395 (Tex.Cr.App.1979); *Russell v. State*, 598 S.W.2d 238, 247 (Tex.Cr.App. 1980). The criticism of some of the cases cited in *Russell v. State*, supra, found in *Adams v. Texas*, supra (448 U.S. at ——, fn. 5, 100 S.Ct. at 2527, fn. 5, 65 L.Ed.2d at 591, fn. 5), does not destroy the validity of such cases as authority for the holding that failure to object amounts to a waiver.

We find no merit to the fourth ground of error and it is overruled. The judgment of the trial court is affirmed.

ROBERTS, CLINTON and TEAGUE, JJ., dissent.