The STATE of Texas, Appellant,

v.

Donald Edward BARRON, Appellee.

No. 09–88–100 CR.

Court of Appeals of Texas, Beaumont.

Nov. 2, 1988.

Randy Farrar, Asst. Co. Atty., Stephen C. Howard, Orange Co. Atty., Orange, for appellant.

Louis Dugas, Jr., Orange, for appellee.

OPINION

BURGESS, Justice.

Appellee was charged with the offense of driving while intoxicated. The complaint and information allege the offense was committed "on or about 7/31/85." [1] Appellee moved to quash the complaint on the ground that it alleged an impossible date. The trial court dismissed the complaint on April 8, 1988. The state appeals the court's ruling pursuant to *TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1)* (Vernon Supp.1988). The state's sole point of error alleges the trial court erred in granting the appellee's motion to quash.

The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he or she is charged in order to permit preparation of a defense to the charge. *Wells v. State*, 516 S.W.2d 663, 664 (Tex.Crim.App.1974). To be sufficient, a complaint must state the time and place of the commission of the offense as definitely as can be done by the affiant. *TEX.CODE CRIM.PROC.ANN. art. 15.-05(3)* (Vernon 1977). An indictment, information, or complaint is fatally defective if it alleges an offense to have been committed on an impossible date. *Ex parte Millard*, 587 S.W.2d 703, 706 (Tex.Crim.App. 1979) (on motion for rehearing); *Moreno v. State*, 375 S.W.2d 309, 310 (Tex.Crim.App. 1964).

The state argues the offense date as written is "clearly understood in the common everyday usage of our language and is interpreted as July 31, 1985." However, Texas courts have long held that the state is required to so plead its case by the indictment that the court will not be required to indulge in any presumption to complete the pleading. *Sanchez v. State*,

155 Tex.Crim. 364, 235 S.W.2d 149, 153 (1950). As early as 1891, in considering the signature on a complaint written "Win Greer, J.P.," the Court of Appeals of Texas wrote, "It might be inferred that 'J.P.' was an abbreviation of the term 'justice of the peace,' but in criminal pleading inferences will not be indulged to supply such defects." *Neiman v. State*, 29 Tex.Crim. 360, 16 S.W. 253 (1891).

The court of criminal appeals has held a complaint listing the offense date as "on or about the 11th day of October, A.D., 57" to be insufficient to support an information stating the offense occurred in 1957. *McLaren v. State*, 167 Tex.Crim. 302, 320 S.W.2d 141, 142 (1959) (on motion to reinstate appeal). Logically, the court could have assumed the offense alleged in the complaint did not occur in the year 57, but instead occurred in 1957; however, in the case of a charging instrument, where notice to the defendant is so crucial, the court would not make this assumption.

So too, logically, the trial court in this case could have assumed that the numbers and slashes put forth in the complaint represent days and months and years in a particular order and that the symbols "/85" represent the year 1985 and not the year 85 or 1885 or 2085. The trial court is not required to make such inferences or assumptions in favor of an ambiguous complaint, however.

Because the state, not the defendant, is appealing the trial court's ruling, it is not necessary for this court to rule whether the complaint was fundamentally defective. It is sufficient to hold that the trial court did not abuse its discretion in dismissing the state's case against the defendant. The trial court acted consistently with over 100 years of Texas precedent of discouraging carelessness in the drafting of charging instruments. *Ex parte Millard*, 587 S.W. 2d at 707. There is no abuse of discretion in this case.

---

**1.** The date of the offense charged is a matter of substance, *TEX.CODE CRIM.PROC.ANN. art. 15.05* (Vernon 1977), and therefore could not be amended because the information and complaint were filed August 19, 1985, prior to the effective date of the amended *TEX.CODE CRIM. PROC.ANN. art. 28.10* (Vernon Supp.1988), which allows amendment of indictments and informations filed on or after December 1, 1985, for matters of substance as well as form.

The state's point of error is overruled. The trial court's order is affirmed.

AFFIRMED.