David Wayne GIBSON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–88–046–CR.

Court of Appeals of Texas,
Eastland.

April 20, 1989.

Dick R. Crownover, Law Offices of Dick R. Crownover, Abilene, for appellant.

James Eidson, Criminal Dist. Atty., Abilene, for appellee.

## OPINION

ARNOT, Justice.

The jury convicted David Wayne Gibson of possession of amphetamines, a controlled substance, and assessed his punishment at twenty years imprisonment and a fine of $6,600. Appellant appeals complaining that his arrest and the subsequent search were without probable cause, that the trial court erred in failing to enforce a plea bargain to dismiss this case, and that the trial court erred in admitting evidence of extraneous offenses. We affirm.

Appellant does not question the sufficiency of the evidence. In his first two points of error, appellant complains that there was no probable cause for his arrest or the search which produced the seized amphetamine.

The standard of reviewing the existence of probable cause established in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), has replaced the two-prong approach of *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The "totality of the circumstances" approach in determining probable cause established in *Illinois v. Gates*, supra, applies to warrantless as well as warrant searches. *United States v. Mendoza*, 722 F.2d 96 (5th Cir.1983); *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Cr.App.1984). As a result of *Illinois v. Gates*, supra, the duty of the reviewing court is to look to the "totality of the circumstances" to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action. We find that the arresting officer had probable cause to arrest appellant and to search the motel room where appellant was staying.

Officer Joe Noret, an Abilene police officer assigned to vice and narcotics, received a call from one of his informants that appellant, accompanied by a white female known only as Sherrie, was in possession of a quantity of narcotics and was driving a black and gray Chevrolet pickup truck. Noret, a veteran officer for nine years, knew appellant and his reputation. Noret and Sergeant D.W. Havins began a search of Abilene, checking hotels and known hangouts for drug dealers. Noret and Havins located a black and gray Chevrolet pickup parked at the Classic Inn Motel in south Abilene. Before the officers could investigate, appellant, accompanied by two white females, came out of Room 120 and got into a white van parked next to the pickup. Fearing appellant had seen them, the officers blocked the van with their car, thus preventing appellant's escape. Appellant and his two companions were advised of their rights and arrested. The officers searched the van and found a fully loaded revolver in an accessory tray between the two front seats. Officer Havins, who assisted in the arrest, accompanied appellant and the women back into Room 120. After receiving consent, the officers searched the entire motel room which was registered in the name of Sherrie Willingham. The officers found an envelope with appellant's name on it, men's and women's clothing, personal grooming items, a box of bullets, and a man's athletic tube sock. The sock was knotted at one end and contained a plastic sandwich bag which in turn contained eight bags of amphetamine and bags of rice.

The black and gray pickup was identified as belonging to appellant. Appellant's companions were identified as Sherrie Rachelle Willingham and Dana Martin. Both appellant and Willingham had bruises and needle puncture marks on their arms. Martin was released at the motel. Appellant and Willingham were taken to jail.

Officer Noret had probable cause to arrest appellant under the "totality of the circumstances" standard of *Illinois v.*

*Gates,* supra, and *Eisenhauer v. State,* supra. Noret acted upon the information that appellant, accompanied by a woman named Sherrie and driving a black and gray Chevrolet pickup, was in possession of narcotics. The officers' warrantless arrest was valid under TEX.CODE CRIM.PRO. ANN. art. 14.04 (Vernon 1977). A search incident to a valid arrest is valid. *Duncantell v. State,* 563 S.W.2d 252 (Tex.Cr.App. 1978). Moreover, the officers received consent from appellant and Willingham. *Kolb v. State,* 532 S.W.2d 87 (Tex.Cr.App.1976). Appellant's first two points of error are overruled.

The evidence shows that appellant and Willingham were released from jail three or four days after their arrest. Believing that Martin had been the police informant, appellant and Willingham went to Martin's house and asked her to go riding. Once in the car, Martin was severely beaten and taken to a remote area of town. Appellant threatened to kill Martin if she did not admit that the amphetamine found in their possession at the motel belonged to her. Martin was subsequently released after trying to call appellant's counsel and accept the blame. Appellant was later charged in Cause No. 15,654–A, in the 42nd District Court with the felony offense of retaliation.

Appellant tendered into evidence the statement of the plea bargain which recites "40 years TDC, no finding of use or exhibition of a deadly weapon; Dismiss 15,653–A" and which was executed by appellant, his attorney, the district attorney, and approved by the trial court. In his Points of Error Nos. 3 and 4, appellant, currently incarcerated upon his guilty plea in Cause No. 15,654–A (the retaliation case), complains that the trial court erred in not specifically enforcing the plea bargain agreement to dismiss his possession case, Cause No. 14,653–A.

In *Zani v. State,* 701 S.W.2d 249 (Tex.Cr.App.1985), the Court, comparing the issue of immunity to a defense under the Code of Criminal Procedure, stated:

The initial burden is on the defendant to show the existence of an agreement by a preponderance of the evidence. *Turney v. State,* 40 Tex.Cr.R. 561, 51 S.W. 243 (Tex.Cr.App.1899). In this respect it differs from ordinary defenses where the defendant is only required to raise his defense by producing some evidence. However, once the initial burden is met and the existence of an immunity agreement is shown by a preponderance of the evidence, we hold that, procedurally, immunity should be treated just like a defense under the Code. Thus, the burden then shifts to the State to show beyond a reasonable doubt why the agreement is invalid or why prosecution should be allowed despite the agreement.

The procedure for enforcing a plea bargain agreement should be the same as that for immunity.

The trial court held a hearing to consider appellant's motion to enforce the plea bargain agreement prior to the trial. At the hearing appellant met his initial burden of showing that an agreement existed. The State argued that the agreement was invalid because the indictment in Cause No. 15,654–A (the retaliation case) was void on its face. However, the State failed to introduce the indictment into evidence.

TEX.R.CRIM.EVID. 201 provides that judicial notice may be taken at any stage in the proceeding. This Court, on its own motion, ordered the transcript to be supplemented with the indictment in Cause No. 15,654–A. The indictment in the retaliation case, Cause No. 15,654–A, reads as follows:

THE GRAND JURORS, duly selected, organized, sworn, and impaneled as such for the County of Taylor, State of Texas, at the September Term, 1987, of the 42nd District Court for said County upon their oaths present in and to said Court that on or about the *3rd day of September,* and anterior to the presentment of this indictment, in the County and State aforesaid DAVID WAYNE GIBSON did then and there intentionally and knowingly harm DANA MARTIN by an unlawful act, to-wit: assault by striking her with his hands and fists and threatening her with a knife, in retaliation for and on account of the service of the said DANA

MARTIN as a prospective witness and informant in a criminal case, to-wit: in Cause Number 113,384 charging DAVID WAYNE GIBSON with the felony offense of POSSESSION OF AMPHETAMINE. (Emphasis added)

We take judicial notice of the indictment pursuant to Rule 201. Because it fails to state a year in which the crime was committed, the indictment is void on its face. TEX.CODE CRIM.PRO.ANN. art. 15.05 (Vernon 1977); *Ex parte Herrera*, 608 S.W.2d 683 (Tex.Cr.App.1980); *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr. App.1979). We note that the trial judge, who heard appellant's motion to enforce the agreement, is the same judge who agreed to the plea bargain in the retaliation case.

Appellant argues that he has carried out his side of the plea bargain—he pled guilty in Cause No. 15,654–A, the retaliation case. However, one cannot make an effective plea of guilty to an indictment which does not charge an offense. *Kolaski v. United States*, 362 F.2d 847 (5th Cir.1966). Because the indictment fails to specify the year in which the alleged offense occurred and, therefore, could never be proved, the indictment in Cause No. 15,654–A does not charge an offense. The appropriate relief for failure to keep a plea bargain agreement is either specific enforcement of the plea bargain agreement or withdrawal of the plea bargain, depending upon the circumstances of each case. See *Ex parte Austin*, 746 S.W.2d 226 (Tex. Cr.App.1988), and cases cited therein. Specific enforcement is inappropriate under these circumstances.

Because the indictment is void and the plea bargain agreement upon which it is based is unenforceable, appellant's third and fourth points of error are overruled.

In Point of Error No. 5, appellant argues that the trial court erred in admitting evidence of the above retaliation as an extraneous offense.

The two-part test for admissibility of a collateral offense is set out in *Castillo v. State*, 739 S.W.2d 280 (Tex.Cr.App.1987), as follows:

"First, it must be determined that the extraneous offense evidence is relevant to a material issue in the case other than the defendant's character. (Footnote omitted). Second, the evidence must possess probative value which outweighs its inflammatory or prejudicial effect." *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Cr.App.1985); see also *Mann v. State*, 718 S.W.2d 741, 743 (Tex.Cr.App. 1986); *Clark [v. State*, 726 S.W.2d 120 (Tex.Cr.App.1986)] at 122; *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Cr.App. 1983); *Murphy v. State*, 587 S.W.2d 718, 722 (Tex.Cr.App.1979).

Appellant does not contest the materiality of the retaliation offense. Rather, appellant maintains that the extraneous retaliation offense was inadmissible because its probative value is outweighed by its prejudicial effect. We disagree.

To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, custody, control, or management over the contraband and (2) that the accused knew the matter possessed was contraband. *Cude v. State*, 716 S.W.2d 46 (Tex.Cr.App.1986); *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.1979). The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Cr.App.1981); *Smith v. State*, 722 S.W.2d 205 (Tex.App.—San Antonio 1986, no pet'n).

The additional evidence of appellant's subsequent retaliatory action was necessary to establish the requisite affirmative link between appellant and the contraband. In circumstantial evidence cases, if there is a reasonable hypothesis other than the guilt of the accused, it cannot be said that guilt has been shown beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Cr.App.1984). Although she did testify that appellant had been in possession of a "bag of dope," Martin never testified that

she saw appellant with any amphetamine in the motel room or that the "bag of dope" was the same as the one found in the motel room. The affirmative link between appellant and the amphetamine found in the motel room had not been fully established to the extent that there is no reasonable hypothesis other than guilt until evidence of the retaliation was introduced. In such a case dependent on circumstantial evidence for its proof, rules of evidence will not be so stringently applied so as to exclude evidence which sheds light on the occurrence. *Kimes v. State,* 740 S.W.2d 903 (Tex.App.—Corpus Christi 1987, pet'n ref'd). The trial court did not err in admitting evidence of the retaliation offense because its probative value of intent is outweighed by any prejudicial effect. We overrule appellant's fifth point of error.

In Points of Error Nos. 6 and 7, appellant complains that the trial court erred in admitting the handgun found in the van and a driver's license registered to a third person found among appellant's property at the time of the arrest.

The facts and circumstances surrounding the commission of an offense are admissible to prove guilt. *Paz v. State,* 749 S.W. 2d 626 (Tex.App.—Corpus Christi 1988, pet'n ref'd). In determining whether certain evidence is admissible as res gestae, each case must be considered on its own merits. Evidence of what occurs immediately prior and subsequent to the commission of the offense is admissible so long as it truly sets the table for the jury's comprehension of the entire criminal transaction. Whether the evidence falls within "the context of the offense" lies within the sound discretion of the trial court, and this Court will not reverse unless a clear abuse of discretion is shown. *Maddox v. State,* 682 S.W.2d 563 (Tex.Cr.App.1985).

In the instant case, the articles in question were found in appellant's possession at the time of the commission of the offense and of the arrest. They were circumstances surrounding the offense and arrest and thus are admissible as res gestae. *Maddox v. State,* supra; *Williams v. State,* 662 S.W.2d 344 (Tex.Cr.App.1983). Finding no abuse of discretion, we overrule appellant's Points of Error Nos. 6 and 7.

The judgment of the trial court is affirmed.